```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**LAKIESHA T. PARKER, ET AL**                                **CIVIL ACTION**

**VERSUS**                                                   **NO. 08-3987**

**ROBERT H. SHEMWELL,**                                      **SECTION "J"(5)**
**CLERK OF COURT, ET AL**

### REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge for non-dispositive pre-trial matters pursuant to the local rules of this court.

The plaintiffs, Lakiesha T. Parker and Donald L. Parker, residents of New Orleans, Louisiana, submitted this pro se and in forma pauperis complaint against defendants, Robert H. Shemwell, Clerk of Court for the United States District Court for the Western District of Louisiana, along with Kathy Kiefer, a docket clerk employed by the United States District Court for the Western District of Louisiana. Plaintiffs claim that defendants did not properly "scan" documents which they sent to the court to be filed in the action they had pending in the United States District Court for the Western District of Louisiana.

Pursuant to 28 U.S.C. §1391(e):

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) the plaintiff resides if no real property is involved in the action.

Under this standard, venue is not improper in the Eastern District of Louisiana as the plaintiffs reside in New Orleans which is located within the parameters of the Eastern District of Louisiana.

The propriety of venue in the Eastern District of Louisiana, however, does not resolve the matter since "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404(a).  There is no question that this case "might have been brought" in the Western District of Louisiana, where the alleged events or omissions giving rise to the claim occurred and where the defendants work and presumably reside.  Moreover, it is evident that the Western District of Louisiana is a more appropriate forum for plaintiffs' claims.  The Eastern District of Louisiana has no connection whatsoever to the facts of this case.  See Kirby v. Mercury Sav. & Loan Assn, 755 F.Supp. 445, 448 (D.D.C. 1999) (transferring sua sponte a case having "virtually nothing to do with th[e] jurisdiction").  By contrast, the Western District of Louisiana has every connection to the action.  Accordingly, the court finds that it is in the interest of justice that this civil

Case 2:08-cv-03987-CJB   Document 9   Filed 10/02/08   Page 3 of 3

action be transferred to the Western District of Louisiana for further consideration.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  1st  day of  October , 2008.

_____
UNITED STATES MAGISTRATE JUDGE

3